TERRY REBHOLZ, Assistant District Attorney, Waupaca County
You request my opinion in reference to a number of questions relating to the publication and distribution of county ordinances under the provisions of sec. 59.09, Wis. Stats.
You first inquire whether the failure of the county clerk to distribute copies of past ordinances to town clerks, as required by sec. 59.09 (1), Wis. Stats., has had the effect of rendering such enactments invalid.
Section 59.09 (1), Wis. Stats., provides as follows:
"59.09 Publication of ordinances and proceedings. (1) Whenever any county board passes any ordinance under this chapter the county clerk shall immediately publish it as a class 1 notice, under ch. 985; and such clerk shall procure and distribute copies of such paper to the several town clerks, who shall file the same in their respective offices."
The Wisconsin Supreme Court in interpreting an early version of sec. 59.09 (1), Stats., held that although the publication of a law enacted by a county board is mandatory, the further statutory requirement directing the distribution of newspapers containing such publication was only directory. State ex rel. Hawes v.Pierce (1874), 35 Wis. 93. Thus, the court concluded that the action of a board of supervisors will not be rendered inoperative and void solely by virtue of the subsequent omission or neglect on the part of their clerk to obtain and transmit copies of such newspapers to the various town clerks in accordance with said statute. The Pierce case remains the controlling case law to date relating to the failure of a county clerk to distribute copies of ordinances pursuant to sec. 59.09 (1), Stats.
You next inquire whether the county clerk must now forward copies of orders, ordinances or determinations where there has been a failure to distribute such to the town clerks in the past.
It is not easy to lay down any general rule as to what a county clerk should do when faced with the fact that there has been a past failure to forward papers in accordance with sec. 59.09 (1), Stats. *Page 83 
The current clerk probably has a continuing duty to rectify any omissions in this regard which may be attributable to him. However, I cannot conclude that the current county clerk has a duty to search out and identify those instances where copies of orders, ordinances or determinations have not been forwarded in accordance with law by his predecessors in office over all the years, then ascertain which of such enactments are currently viable and then procure or make copies of the same for transmittal to town clerks. On the other hand, if there has been a general failure to forward copies of laws in the past and the county maintains a codification of current county ordinances, it certainly would be in keeping with the purpose of sec. 59.09 (1), Stats., for the county clerk to forward a copy of such codification to the various town clerks. In fact, under such circumstances, the town could probably require such a codification to be forwarded.
You next asked whether sec. 59.09 (1) requires that the county clerk forward the entire actual newspaper in which the published ordinance appears to all town clerks.
Compliance with the literal meaning of the provisions of sec. 59.09 (1), Stats., would require that the clerk forward a copy of the entire newspaper in which the published ordinance appeared to all the town clerks in his county. However, considering the directory nature of that portion of the statute which relates to distribution to town clerks, it is probable that a court would consider distribution of the page of the newspaper on which the publication appears to constitute substantial compliance with the statute, if the page contained at least the minimal information indicating the name of the paper, the date of its issuance and the page number of the paper upon which the publication appears. I would hesitate to suggest that anything less than the distribution of such pages would be held to be substantial compliance with the statute. In addition, the statute contains no suggestion that the county clerk may exercise any discretion as to which ordinances he will distribute to which towns. In my opinion, he would fail to comply with the statute if he failed to distribute copies of all published ordinances to all town clerks in the county. In addition, the county clerk must be selective in reference to the papers that he forwards to the town clerks, i.e., he cannot comply with the statute by simply paying for a subscription to the *Page 84 
newspaper used for the county's legal publications and having the newspaper publisher send all copies of the paper to the town clerks.
Finally, you inquire whether the county clerk may publish ordinances in any newspaper qualified under the provisions of sec. 985.03, Wis. Stats.
Chapter 985, Wis. Stats., which relates to the publication of legal notices, does not require that your county designate a newspaper as its official newspaper. Section 985.05, Stats., however, does authorize the county board of a county to designate a newspaper published or having general circulation in the county (and otherwise eligible under sec. 985.03) as "its official newspaper." Therefore, if your county has designated an official newspaper, then, all legal notices, including county ordinances, must be published in such newspaper unless otherwise specifically required by law. Section 945.05 (2), Stats. On the other hand, if your county has not designated an official newspaper, your county clerk need only assure himself that the newspaper he utilizes meets the qualifications set forth in sec. 985.03, Stats., and complies with the provisions of sec. 985.02 (1), Stats., which provides as follows:
"985.02 Method of notification. (1) Except as otherwise provided by law, a legal notice shall be published in a newspaper likely to give notice in the area or to the person affected. Whenever the law requires publication in a newspaper published in a designated municipality or area and no newspaper is published therein publication shall be made in a newspaper likely to give notice."
RWW:JCM